IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA    ) | |
| ) | CRIMINAL ACTION NO. |
| v.    ) | 2:24cr318-MHT |
| ) | (WO) |
| DARVIN JERRELL WILLIAMS    ) | |

ORDER

This case is before the court on the motion to continue trial filed by defendant Darvin Jerrell Williams. For the reasons set forth below, the court finds that jury selection and trial, now set for January 6, 2025, should be continued pursuant to 18 U.S.C. § 3161(h)(7)(A).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy

> days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the

interest of the public and Williams in a speedy trial. Williams, who faces lengthy mandatory-minimum sentences if convicted on several counts, represents that he is currently negotiating with the government concerning a possible plea bargain, but that the January 6 trial date does not provide enough time for him to consider fully the terms and conditions of any such plea agreement and for the parties to finalize an agreement. The court sees no evidence of a lack of due diligence. A continuance is warranted to enable Williams and his counsel the time needed to finish pursuing this option. Also, Williams has filed a waiver of his Sixth Amendment and Speedy Trial Act rights, and the government does not oppose a continuance.

\*\*\*

Accordingly, it is ORDERED as follows:

(1) Defendant Darvin Jerrell Williams's unopposed motion to continue trial (Doc. 26) is granted.

3

(2) The jury selection and trial for defendant Williams, now set for January 6, 2025, are continued to February 3, 2025, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The motion to reset the change-of-plea deadline (Doc. 26) is left pending for resolution by the Magistrate Judge.

DONE, this the 17th day of December, 2024.

                                          /s/ Myron H. Thompson
                                    **UNITED STATES DISTRICT JUDGE**